# EXHIBIT A

CAUSE NO._____

| | | |
|---|---|---|
| **DUANE EBERT AND DENISE EBERT,** | § | **IN THE COUNTY COURT** |
| *PLAINTIFFS* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| **AMICA   MUTUAL   INSURANCE** | § | |
| **COMPANY,** | § | |
| *DEFENDANT* | § | **NUECES COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION,
## TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,
## TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES DUANE EBERT AND DENISE EBERT**, hereinafter referred to by name or as Plaintiffs, and complains of **AMICA MUTUAL INSURANCE COMPANY**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

**1.**     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

**2.**     Plaintiff **DUANE EBERT** is an individual residing in Nueces County, Texas.

**3.**     Plaintiff **DENISE EBERT** is an individual residing in Nueces County, Texas.

**4.**     Defendant **AMICA MUTUAL INSURANCE COMPANY** is a domestic insurance company organized under the laws of the State of Texas and may be served with process through

its attorney for service, ROBERT R. FOSS, JR., 2150 TOWN SQUARE PL., STE 600, SUGAR LAND, TX 77479-1465.

## III.
## JURISDICTION & VENUE

**5.**      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**6.**      Venue is proper in Nueces County pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE and § 17.56 of the BUSINESS & COMMERCE CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county occurred in Port Aransas, Nueces County, Texas.

**7.**      Additionally, venue is proper in Nueces County pursuant to § 1952.110 of the INSURANCE CODE because the collision made the basis of this suit occurred in Port Aransas, Nueces County, Texas.

## IV.
## FACT

**8.**      On or about **May 15, 2019**, Plaintiff **DUANE EBERT** was operating a 2016 Ford F-150 in a lawful manner and while sitting stopped at a traffic light at the intersection of East Ave G and S. Allister Street in Port Aransas, Nueces County, Texas, when their vehicle was suddenly, violently, and without warning struck from behind Brittany Floyd, who was operating a 2013 Toyota Corolla and failed to control her speed.  At the time of the collision, Plaintiff **DENISE EBERT** was a passenger in the vehicle being operated by Plaintiff **DUANE EBERT**.

**9.**      The occurrence and the resulting injuries and damages of Plaintiffs were proximately

caused by the negligent conduct of Brittany Floyd, who operated the vehicle she was driving in a negligent manner because she violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

a.     failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b.     failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.     operating her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

d.     failing to turn the vehicle in an effort to avoid the collision in question;

e.     failing to blow horn warning of imminent danger;

f.     following too closely;

g.     failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of her in violation of TEX. TRANSP. CODE § 545.062; and

h.     in failing to control his speed in violation of TEX. TRANSP. CODE § 545.351.

**10.**     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.     NEGLIGENCE PER SE**

**11.**     Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.062 pursuant to the negligence Per Se Doctrine which mandates that:

*§545.062 Following Distance*

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

12.     Further, Defendant failed to exercise the mandatory standard of care in violation of

V.T.C.A. TRANSPORTATION CODE, §545.351 pursuant to the Negligence Per Se Doctrine which

mandates that:

*§545.351 Maximum Speed Requirements*

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing;

(2) the operator is approaching and going around a curve;

(3) the operator is approaching a hill crest;

(4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

13.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

14.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs.  Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiffs or others similarly situated.

15.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

16.     As a direct and proximate result of the collision with Brittany Floyd, Plaintiffs **DUANE EBERT AND DENISE EBERT** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiffs' health and well-being.  As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

17.     As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

18.     Plaintiffs has also suffered losses and damages to her personal property, including but not limited to damage to her vehicle for which they have never been compensated.

19.     By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

20.     Prior to **May 15, 2019**, Defendant **AMICA MUTUAL INSURANCE COMPANY** issued **Duane Ebert** an insurance policy protecting against loss caused by bodily injury caused from the ownership, maintenance, or use of an uninsured or underinsured motor vehicle (policy number 99094224VD). Such policy was in full force and effect on **May 15, 2019**. Plaintiffs were covered persons and entitled to underinsured benefits by virtue that the liability policy owned by Brittany Floyd has been exhausted and damages for Plaintiffs' injuries have not been fully compensated.

21.     Brittany Floyd was, at the time of the occurrence described above, operating an underinsured vehicle, as that term is defined in the policy of insurance issued by the Defendant **AMICA MUTUAL INSURANCE COMPANY**. Plaintiffs timely and properly notified Defendant **AMICA MUTUAL INSURANCE COMPANY** of the collision. Plaintiffs would show that a policy of insurance with Defendant **AMICA MUTUAL INSURANCE COMPANY** had uninsured/underinsured motorist coverage. Plaintiffs have fully complied with all conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant **AMICA MUTUAL INSURANCE COMPANY** has failed and refused and still fails and refuses, to pay Plaintiffs' reasonable benefits under this policy as it is contractually required to do.

22.     From **May 15, 2019** to the present, **AMICA MUTUAL INSURANCE COMPANY** continued to adjust and evaluate Plaintiffs' uninsured/underinsured motorist claims under their policy with **AMICA MUTUAL INSURANCE COMPANY**, under File No.60003530293. Throughout the claims adjustment process, **AMICA MUTUAL INSURANCE COMPANY** has

failed to tender the policy limits to Plaintiffs and has refused to tender a reasonable amount of insurance proceeds to cover Plaintiffs' loss and damages as of the date of this filing. Further, Plaintiffs' damages are ongoing and as of the date of this filing, exceed the underlying policy. In addition, from **May 15, 2019** to the date of this filing, **AMICA MUTUAL INSURANCE COMPANY** has refused to alter or adjust their unreasonable position, in breach of their insurance agreement with Plaintiffs. Therefore, Plaintiffs have been forced to seek relief from this Honorable Court and jury for the damages sustained by **AMICA MUTUAL INSURANCE COMPANY's** conduct.

## V.
## CAUSES OF ACTION AGAINST AMICA MUTUAL INSURANCE COMPANY

23.     There was a valid and enforceable contract, an automobile insurance policy issued under policy number 99094224VD, between **DUANE EBERT, DENISE EBART** and **AMICA MUTUAL INSURANCE COMPANY**. **DUANE EBERT AND DENISE EBERT** were both listed drivers under the policy and therefore covered persons under the insurance policy. Having determined that the adverse driver, Brittany Floyd, was underinsured at the time of the collision, Plaintiffs timely and properly notified Defendant **AMICA MUTUAL INSURANCE COMPANY**. All conditions precedent have been performed or have occurred. Nevertheless, Defendant **AMICA MUTUAL INSURANCE COMPANY** has failed and refused to pay Plaintiffs any benefits under this policy as it is contractually required to do, by virtue of the Plaintiffs' injuries being the result of an underinsured driver.

## VI.
## DAMAGES

24.     Defendant's acts have been producing and proximate causes of damages to Plaintiffs within the jurisdictional limits of this Court.

25.     Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs are justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## ATTORNEY'S FEES

26.     Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading for the prosecution and collection of the claim.  Therefore, Plaintiffs are entitled to recover from Defendants the additional sum of 18 percent per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals of the Supreme Court of Texas.  Additionally, Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. & COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

## VIII.
## INTEREST

**27.**     Plaintiffs further request both pre-judgment and post-judgment interest on all their damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

**28.**     Plaintiffs demand a trial by jury as allowed by TEX. R. CIV. P. 216. The appropriate jury fee has been paid by the Plaintiffs.

## X.
## REQUEST FOR DISCLOSURE

**29.**     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## XI.
## NOTICE OF SELF-AUTHENTICATION

**30.**     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## ATTACHED DISCOVERY

**31.**     Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendants are requested to answer/respond within fifty (50) days of service hereof:

      a.      Plaintiffs' First Set of Interrogatories to Defendant **AMICA MUTUAL INSURANCE COMPANY**;

      b.      Plaintiffs' First Requests for Production to **AMICA MUTUAL INSURANCE COMPANY**; and

      c.      Plaintiffs' First Requests for Admissions to **AMICA MUTUAL INSURANCE**

**COMPANY**.

## XIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

**32.**     The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

*gadevera-svc@tjhlaw.com*

This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;
9.     Physical disfigurement in the past;
10.    Physical disfigurement in the future;
11.    Lost wages in the past;
12.    Loss of future wage-earning capacity;
13.    Property damage;
14.    Loss of use;
15.    Pre-judgment interest;

16.     Post-judgment interest; and
17.     Exemplary damages.


RESPECTFULLY SUBMITTED;

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
TELEPHONE: (361) 985-0600
FACSIMILE: (361) 985-0601


BY:     _George A. DeVera_
        _____
        GEORGE A. DEVERA
        STATE BAR NO. 24048431
        *EMAIL: gadevera-svc@tjhlaw.com
        ATTORNEY FOR PLAINTIFFS


**\*TRCP 21a SERVICE BY THIS EMAIL ONLY**